People v Moore (2026 NY Slip Op 01612)

People v Moore

2026 NY Slip Op 01612

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Ind No. 193/21|Appeal No. 6137|Case No. 2022-04349, 2025-02836|

[*1]The People of the State of New York, Respondent,
vJaquan Moore, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth I. Lagerfeld of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan L. Gold of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Joseph A. McCormack, J. at suppression; Dineen Riviezzo, J. at plea and sentencing), rendered September 28, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation; and judgment of resentence, same court (Raymond Bruce, J.), rendered April 29, 2025, resentencing defendant to a jail term of 364 days, unanimously affirmed.
Defendant made a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his suppression claim. In any event, we find that the court providently denied his motion to suppress the gun. The police officers received a radio run providing a detailed description of two men in front of 3500 Park Avenue, which specified that the man wearing a red hat, red jacket, red shirt, red pants, and Timberland boots, had a gun. When the officers arrived at the location, within five minutes of the transmission, they saw two men matching the descriptions. As the officers approached, the bodycam footage showed defendant, in red clothing, twice reaching toward his pockets. In this rapidly unfolding situation, the anonymous tip that a man with defendant's distinctive red clothing had a gun was "sufficiently reliable to provide reasonable suspicion under the totality of the circumstances" (People v Leighton R., —NY3d —, —, 2025 NY Slip Op 06534, *4 [2025]), and justified the officer's minimally intrusive act of impeding the defendant's arm, after which he saw the gun in defendant's pocket. By preventing defendant from reaching into his pocket, the officer took reasonable steps to protect his safety and the safety of his fellow officers and the public (see generally People v Benjamin, 51 NY2d 267, 271 [1980]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026